**KASPER BROTHERS, INC.**

v.

**FALLS TOWNSHIP and Walter Almond, John G. Domarski, Keith L. Summerville, Dick Trimble and Allen B. Wilson, Supervisors, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1996.
Decided March 11, 1996.

Michael T. Sellers, for Appellant.

Anthony J. Mazullo, Jr., for Appellee.

Before SMITH and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Falls Township, a municipality located in Bucks County, Pennsylvania, appeals from the July 17, 1995 order of the Court of Common Pleas of Bucks County (trial court). In its order, the trial court stated that a Falls Township ordinance authorizing the imposition of a $100.00 licensing fee upon waste haulers' vehicles transporting waste through Falls Township, is illegal as beyond the authority delegated to Falls Township by Bucks County Ordinance No. 80 (Ordinance No. 80). We affirm.

*Issue*

The issue before us for review is whether Falls Township, as a "host municipality" of a landfill, has the authority to impose a waste hauling licensing fee on waste haulers' vehicles transporting waste through the Township on the way to the landfill, separate from its authority under Bucks County Ordinance No. 80.

## Facts

This case was tried before the trial court on stipulated facts. On May 19, 1993, Falls Township police officers issued a citation against a driver of a vehicle owned by Kasper Brothers, Inc. The citation demanded a fine of $1000.00. The vehicle involved was hauling waste collected from a location outside Falls Township to G.R.O.W.S. Landfill located in Falls Township. The police officers issued the citation because the vehicle did not have a sticker indicating it was licensed to transport waste by Falls Township pursuant to Falls Township Ordinance No. 92–2.

■ Kasper Brothers, Inc. appealed the citation to the trial court and the court held that Falls Township is without authority to establish and enforce the licensing fee. The trial court further concluded that Falls Township does not have the authority to impose a licensing fee upon waste haulers' vehicles which are merely travelling through Falls Township en route to G.R.O.W.S. or Tullytown Landfills and that the authority of Falls Township to require a waste haulers' license is limited to waste haulers' vehicles which collect municipal waste in Falls Township. Falls Township now appeals to this Court.[1]

## Discussion

The Pennsylvania Legislature conferred upon the Department of Environmental Resources (DER) the power and responsibility to regulate the transportation, processing, treatment and disposal of solid waste through the Solid Waste Management Act (SWMA), thereby preempting municipal power.[2] *Township of Plymouth v. County of Montgomery*, 109 Pa.Cmwlth. 200, 531 A.2d 49 (1987).

The Legislature subsequently enacted the Municipal Waste Planning, Recycling and Waste Reduction Act (Act 101).[3] Through Act 101 the Legislature gave to the counties the primary responsibility to plan for the processing and disposal of municipal waste generated within their boundaries and authorized counties to require persons to obtain licenses to collect and transport municipal waste. Act 101 provides in relevant part as follows:

(a) **Primary responsibility of county.**—Each county shall have the power and its duty shall be to insure the availability of adequate permitted processing and disposal capacity for the municipal waste which is generated within its boundaries. As part of this power, a county:

(1) May require all persons to obtain licenses to collect and transport municipal waste subject to the plan to a municipal waste processing or disposal facility designated pursuant to subsection (e).

53 P.S. § 4000.303(a)(1).

Further, Act 101 allows counties to delegate some or all of its responsibilities under Act 101:

(d) **Delegation of county responsibility.**—A county may enter into a written agreement with another person pursuant to which the person undertakes to fulfill some or all of the county's responsibilities under this act for municipal waste planning and implementation of the approved county plan. Any such person shall be jointly and severally responsible with the county for municipal waste planning and implementation of the approved county plan in accordance with this act and the regulations promulgated pursuant thereto.

53 P.S. § 4000.303(d).

Act 101 also grants municipalities other than counties certain enumerated powers and responsibilities:

(a) **Responsibility of other municipalities.**—Each municipality other than a county shall have the power and its duty shall be to assure the proper and adequate transportation, collection and storage of municipal waste which is generated or

---

1. Our scope of review of a decision of a court of common pleas is limited to a determination of whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882 (1994).

2. Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101—6018.1003.

3. Act of July 28, 1988, P.L. 556, 53 P.S. §§ 4000.101—4000.1904.

present within its boundaries, to assure adequate capacity for the disposal of municipal waste generated within its boundaries by means of the procedure set forth in section 1111, and to adopt and implement programs for the collection and recycling of municipal waste or source-separated recyclable materials as provided in this act.

**(b) Ordinances.—**

(1) In carrying out its duties under this section, a municipality other than a county may adopt resolutions, ordinances, regulations and standards for the recycling, transportation, storage and collection of municipal wastes or source-separated recyclable materials, which shall not be less stringent than, and not in violation of or inconsistent with, the provisions and purposes of the Solid Waste Management Act, this act and the regulations promulgated pursuant thereto.

(2) The host municipality shall have the authority to adopt reasonable ordinances concerning the hours and days during which vehicles may deliver waste to the facility and the routing of traffic on public roads to the facility. Such ordinances may be in addition to, but not less stringent than, not inconsistent with and not in violation of, any provision of the Solid Waste Management Act, any regulation promulgated pursuant to that act, any order issued under that act, or any permit issued pursuant to that act. Such ordinances found to be inconsistent and not in substantial conformity with this paragraph shall be superseded. Appeals under this paragraph may be brought before a court of competent jurisdiction.

53 P.S. § 4000.304(a), (b)(1) and (2) (footnote omitted).

Bucks County enacted County Flow Control Ordinance No. 80 pursuant to Act 101. Through Ordinance No. 80, Bucks County delegated to its municipalities the authority granted to it by Act 101 to license waste haulers operating within the municipality. Ordinance No. 80 provided that a license fee not to exceed $100.00 shall be set by the municipality to offset the municipality's costs associated with the licensing process.

Falls Township enacted Ordinance No. 92–2 pursuant to Ordinance No. 80 and, by resolution, established a license fee of one hundred dollars ($100.00) per vehicle. This licensing fee is applied to the costs of maintaining the ordinance and regulation of truck traffic transporting municipal waste to G.R.O.W.S. Landfill in Falls Township and Tullytown Landfill in Tullytown Borough.

Section 4:1 of Ordinance No. 92–2 provides in pertinent part as follows:

It shall be unlawful for any vehicle to transport municipal waste and/or residual waste ... generated outside Falls Township, through or into Falls Township without the waste collector/hauler first securing a license for said vehicle(s) to do so from the municipality.

It is this licensing fee which the trial court held to be illegal under Ordinance No. 80 and Act 101. In its appeal before this Court, Falls Township argues that, as a host municipality, it has the authority to impose a per vehicle license fee separate from that authorized by Ordinance No. 80. Falls Township contends that Ordinance No. 80 pertains solely to the licenses which a company must obtain from a municipality to collect waste that is generated within a given municipality and that it did not address the unique burdens for a community which is host to an actual landfill. Falls Township argues that Ordinance No. 80 does not pre-empt its authority as a host municipality to enact an ordinance requiring a license fee to transport waste to the landfill located within Falls Township, where the county has not otherwise exercised those same powers. In support of this, Falls Township produced a letter from the Bucks County solicitor in which he states that Ordinance No. 80 does not conflict with the separate exercise of rights of Falls Township, as a host municipality, to license individual trash vehicles with an ultimate destination of G.R.O.W.S. Landfill.

Falls Township further argues that, as a host municipality, it has the authority to impose a licensing fee upon waste haulers' vehicles travelling through the Township en route to the Tullytown or G.R.O.W.S. landfills. Falls Township argues that neither Act

101 nor Ordinance No. 80 prohibit it, a host municipality, from enacting such a licensing scheme and that without the ability to license the large number of vehicles that are depositing waste at the landfills, it would be impossible for it or Bucks County to fulfill their responsibility under Act 101 and determine if the waste haulers are adhering to the Act 101 regulations.

Falls Township further argues that its authority to require a waste haulers' per vehicle license is not limited to vehicles which collect municipal waste in Falls Township and that the trial court's finding to the contrary ignores the dual role which is placed on the Township as a municipality generating waste and as a host municipality. Falls Township contends that the only way to insure compliance with Act 101 is to license each individual vehicle transporting waste to the landfills.

The trial court, in a well-reasoned opinion, rejected Falls Township's argument that, as a host municipality, it is authorized to impose this additional licensing fee upon waste haulers' vehicles. Act 101 granted the power to license waste haulers' vehicles to the counties, not to the municipalities. Nowhere in Act 101 is a municipality authorized to license waste haulers' vehicles. The only additional authority Act 101 granted to host municipalities is that found in Section 4000.304(b), *supra*, regarding reasonable ordinances regulating the hours and days vehicles may deliver waste to the landfills.

Through Ordinance No. 80, Bucks County delegated its power to license waste haulers' vehicles to its municipalities. However, this grant of power was limited to a specific amount to be used for a specific purpose. Further, Ordinance No. 80 did not grant any additional licensing authority to host municipalities.

The trial court characterized Falls Township's actions as imposing the licensing fee to defray costs for the regulation and supervision of vehicles using the landfills located in the township, despite the fact that it receives a substantial host benefit fee for that very purpose and use under 53 P.S. § 4000.1301.[4] Falls Township receives a benefit of $3.55 per ton of waste disposed of at the landfill located in the Township. The trial court concluded that Falls Township did not use the license fee to offset any costs associated with the licensing process, as required by Ordinance No. 80, and that the $100.00 per vehicle fee is illegal and unenforceable.

The trial court further concluded that Falls Township does not have the authority to impose a licensing fee upon waste haulers' vehicles that are merely travelling through the Township en route to G.R.O.W.S. or Tullytown landfills because Act 101 provides for no such authority. Ordinance No. 92–2 requires waste haulers who transport municipal waste through Falls Township to apply for and receive a license for each vehicle which passes through the Township. The trial court determined that the delegation of authority by Bucks County to its municipalities was limited to licensing waste haulers *operating* within the boundaries of the municipality. The trial court interpreted "operating within its boundaries" as not including transit through the municipality but as meaning "conducting activities within the municipality." (R.R. at 75a.)

We cannot conclude that the trial court erred as a matter of law in finding that Falls Township exceeded its authority in imposing a licensing fee upon waste haulers beyond that authorized in Ordinance No. 80. Act 101 granted the licensing authority to counties only and Bucks County, through Ordinance No. 80, granted its municipalities the authority to impose the licensing fee. It

4. **(a) Imposition.**—There is imposed a host municipality benefit fee upon the operator of each municipal waste landfill or resource recovery facility that has a valid permit on the effective date of this act or receives a new permit or permit that results in additional capacity from the department under the Solid Waste Management Act after the effective date of this act. The fee shall be paid to the host municipality. If the host municipality owns or operates the landfill or facility, the fee shall not be imposed for waste generated within such municipality. If the landfill or facility is located within more than one host municipality, the fee shall be apportioned among them according to the percentage of the permitted area located in each municipality.

53 P.S. § 4000.1301(a) (footnote omitted).

restricted that right, however, to a maximum fee of $100.00 per company to be used to offset the municipality's costs associated with a licensing process. The facts reveal that Falls Township, as a host municipality, used the licensing fee proceeds to pay for its program of regulating the truck traffic in the Township en route to the landfills. Therefore, Ordinance No. 92–2 exceeds the authority granted to Falls Township under Ordinance No. 80.

■ The trial court correctly read the clear language of Ordinance No. 80 as limiting a municipality's licensing of waste haulers' vehicles to those vehicles which actually collect municipal waste in that municipality. We cannot conclude that the trial court abused its discretion or committed an error of law in holding that Falls Township's interpretation of Ordinance No. 80 is in error and would actually prevent the orderly collection, transportation and disposal of municipal waste. If travelling through a municipality was the same as operating within a municipality's boundaries, every municipality en route to a landfill from every direction could impose a licensing procedure and fee upon every waste haulers' vehicle. It is clear to us that this was not the intention of the Bucks County Commissioners when they delegated its licensing authority to their municipalities. The licensing authority granted to Falls Township by Ordinance No. 80 is limited to waste haulers' vehicles which collect municipal waste in Falls Township. Therefore, the trial court did not err in holding that Ordinance No. 92–2 is illegal as beyond the scope of authority granted under Ordinance No. 80.

For the reasons stated above, we affirm the July 17, 1995 order of the Court of Common Pleas of Bucks County.

## ORDER

AND NOW, this 11th day of March, 1996, the order of the Court of Common Pleas, Bucks County, Civil Division, dated July 17, 1995 is hereby affirmed.