IESI PA BETHLEHEM LANDFILL CORPORATION, Chirin Brothers, Inc., Chirin Hauling, Inc., Grand Central Sanitary Landfill, Inc., Pine Grove Landfill, Inc., Waste Management Disposal Services of Pennsylvania, Inc., Waste Management of Pennsylvania, Inc., Pennsylvania Waste Industries Association, Berger Sanitation, Inc., Royer Sanitation, Len Symons & Sons Sanitation, Pennsylvania Independent Waste Haulers Association, Appellants

v.

COUNTY OF LEHIGH.

IESI PA Bethlehem Landfill Corporation, Chirin Brothers, Inc., Chirin Hauling, Inc., Grand Central Sanitary Landfill, Inc., Pine Grove Landfill, Inc., Waste Management Disposal Services of Pennsylvania, Inc. Waste Management of Pennsylvania, Inc., Pennsylvania Waste Industries Association, Berger Sanitation, Inc., Royer Sanitation, Len Symons & Sons Sanitation, Pennsylvania Independent Waste Haulers Association, Appellants

v.

County of Lehigh.

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 2005.

Decided Dec. 14, 2005.

Wilson M. Brown, III, Philadelphia, for appellants, Pennsylvania Waste Industries Association, IESI PA Bethlehem Landfill Corporation, Chirin Brothers, Inc., Chirin Hauling, Inc., Grand Central Sanitary Landfill, Inc., Pine Grove Landfill, Inc., Waste Management Disposal Services of Pennsylvania, Inc., and Waste Management of Pennsylvania, Inc.

Lee D. Mescolotto, Allentown, for appellee, County of Lehigh.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

IESI PA Bethlehem Landfill Corporation, Chirin Brothers, Inc., Chirin Hauling, Inc., Grand Central Sanitary Landfill, Inc., Pine Grove Landfill, Inc., Waste Management Disposal Services of Pennsylvania, Inc., Waste Management of Pennsylvania, Inc., Pennsylvania Waste Industries Association, Berger Sanitation, Inc., Royer Sanitation, Len Symons & Sons Sanitation and Pennsylvania Independent Waste Haulers Association (Appellants), appeal from the May 12, 2005, and July 21, 2005, orders of the Court of Common Pleas of Lehigh County (trial court) granting summary judgment in favor of the County of Lehigh (Lehigh County).[1][2] For the reasons that follow, we reverse and remand.

Pennsylvania Waste Industries Association, a trade association of private landfill owners and operators, and Pennsylvania Waste Haulers Association, a trade association of waste haulers and transporters, commenced a declaratory judgment action against Lehigh County challenging its administrative fee and waste hauler licensing scheme. Later, the parties agreed to amend the action to add various landfill operators and waste haulers that serviced

---

1. By order dated May 11, 2005, the trial court granted Lehigh County's motion for summary judgment on Counts I, II, III and V of the amended action for declaratory judgment. Appellants then withdrew Count IV, which was the only remaining count. As such, the trial court marked its decision as a final order on July 21, 2005.

2. An amicus curiae brief, in support of the position of Lehigh County, was filed by the Commonwealth of Pennsylvania, Department of Environmental Protection (Department).

Lehigh County. The amended action for declaratory judgment is set forth at R.R. 111a.

In 1996, Lehigh County adopted a solid waste management plan (the Plan) and a waste management licensing ordinance (the Ordinance). Both authorized Lehigh County to impose an administrative fee to be paid by waste haulers to subsidize the programs of the Lehigh County Office of Solid Waste Management. The Plan cites its enabling authority as the Municipal Waste Planning, Recycling and Waste Reduction Act (Act 101).[3] The Ordinance cites its enabling authority as the Plan and Act 101.

In 1997, Lehigh County imposed a $.75 per ton administrative fee on waste haulers. In 2002, Lehigh County increased the fee to $1.25 per ton, and in 2003, the fee was increased to $2.75 per ton. In 2003, the manner in which the fee was collected was revised. Waste haulers were responsible for paying an administrative fee of $1.25 per ton on all waste collected and delivered. Additionally, designated disposal facilities were responsible for an administrative fee of $1.50 per ton on all Lehigh County municipal waste accepted and disposed of at their facilities.

The Plan also authorized the adoption of a licensing program to license waste haulers and vehicles. Pursuant to Section 4 of the Plan, to obtain a hauler license, transporters must establish that they meet certain standards as to insurance and vehicle information. Section 6.1 of the Plan sets forth the hauler license fee. The fee is "$30.00 plus $10.00 per vehicle if operating with Small Vehicles only. If operating with any vehicles other than Small Vehicles, the Hauler License Fee is set at $250.00, $25.00 per vehicle." (R.R. at 37a).

Appellants and Lehigh County both filed motions for summary judgment with the trial court. Lehigh County first alleged that Appellants did not have standing to bring the declaratory judgment action. Lehigh County then filed a separate motion for summary judgment, alleging that the amended complaint failed to state a cause of action on which relief could be granted. Appellants filed a motion for summary judgment seeking judgment on Counts I, II, III, and V, of the amended declaratory judgment action. Appellants claimed that Lehigh County did not have the authority to adopt administrative and licensing fees.

The trial court denied Appellants' motion for summary judgment. It further denied Lehigh County's motion as to standing. However, the trial court granted Lehigh County's motion for summary judgment regarding failure to state a claim upon which relief could be granted. The trial court determined that Lehigh County's administrative fee and its waste hauler licensing scheme were a valid exercise of its authority.

■ Summary judgment is appropriate when the record demonstrates that there are no genuine issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. *Dean v. Pennsylvania Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). Our scope of review of a decision of a trial court is limited to a determination of whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882 (1994).

On appeal to this Court, Appellants allege the trial court erred in granting summary judgment based on its determination

---

**3.** Act of July 28, 1988, P.L. 556, *as amended*, 53 P.S. §§ 4000.101–4000.1904.

that Act 101 did not preempt counties from imposing an administrative fee to fund their planning and recycling programs. Appellants also allege that the Plan and the Ordinance do not contain provisions for assessing administrative fees on disposal facilities and are, thus, ultra vires. Appellants further allege that Lehigh County's waste hauler licensing scheme, which imposes both licensing requirements and additional fees on waste transporters, is preempted by the Waste Transportation Safety Act (Act 90), 27 Pa.C.S. S § 6201–6209.

■ In determining whether the legislature intended to preempt counties from funding their own programs outside the scope of Act 101 or Act 90, we need to consider the following:

> Pertinent questions in determining the preemption issues are: (1) Does the ordinance conflict with the state law, either because of conflicting policies or operation effect, that is, does the ordinance forbid what the legislature has permitted? (2) Was the state law intended expressly or impliedly to be exclusive in the field? (3) Does the subject matter reflect a need for uniformity? (4) Is the state scheme so pervasive or comprehensive that it precludes coexistence of municipal regulation? (5) Does the ordinance stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the legislature.

*Duff v. Township of Northampton,* 110 Pa.Cmwlth. 277, 532 A.2d 500, 505 (1987), *affirmed without opinion,* 520 Pa. 79, 550 A.2d 1319 (1988).

■ In *Pennsylvania Independent Waste Haulers Association v. County of*

*Northumberland,* 885 A.2d 1106 (Pa. Cmwlth.2005), this Court very recently decided that Act 101 does preempt a municipal authority from imposing its own administrative fee on waste haulers to help fund recycling programs. We determined that Act 101 provides a comprehensive recycling plan and that the legislature did not intend it to be supplemented by municipal bodies. As such, we concluded that an administrative body could only impose a fee if it is expressly authorized by the Act, and Act 101 provided no such authority.

In accordance with our opinion in *Pennsylvania Independent Waste Haulers Association,* we conclude that the trial court in the instant case erred in holding that Lehigh County's administrative fee was not preempted by Act 101.[4]

On appeal, Appellants also argue that Lehigh County's waste hauler licensing scheme, which imposes both licensing requirements and additional fees on waste transporters, is preempted by Act 90.

The trial court first found authority for Lehigh County to issue licenses based on a reading of Act 101. Act 101 provides that counties "[m]ay require all persons to obtain licenses to collect and transport municipal waste...." Section 303(a)(1), 53 P.S. § 4000.303(a)(1). The trial court found that, as counties had the authority to require persons to obtain licenses, it therefore followed that they had the power to impose fees to pay for the costs incurred in implementing and enforcing licensing regulations. (R.R. 959a).

■ We disagree with the trial court's analysis. While Act 101 provides that counties may require persons to obtain licenses, it does not follow that this gives them the authority to implement their own

---

4. Further, as Lehigh County is preempted by Act 101 from imposing administrative fees, we need not address Appellants' second issue raised on appeal, i.e., that the imposition of county administrative fees is ultra vires.

licensing program. Enforcing a law requiring transporters to be licensed is not the same thing as actually licensing them yourself. Also, enforcement of the law can be accomplished through fines as opposed to fees. Thus, we conclude that Act 101 does not provide a county with the authority to issue its own license.

■ As for Act 90, it was established as a waste transportation safety program to protect the public and the environment. Pursuant to Act 90, the Department of Environmental Protection (Department) is to ensure the safe transportation of waste. The Department is to issue a valid authorization sticker to waste facilities, provide authorization to transporters of waste, deny authorization to transporters that fail to comply with the laws and regulations and "establish a transportation authorization fee for the administration and enforcement of this chapter." 27 Pa.C.S. § 6203(b)(4). Section 6204 further provides the process for a transporter to obtain authorization from the Department to obtain a license to transport waste. The transporter is to provide evidence of insurance and vehicle inspection and pay the prescribed fee, which is $100.00 per truck or in the case of a combination, $50.00 per truck and $50.00 per trailer. Upon successful completion of the forms and payment of the fee, the Department then authorizes stickers which are to be displayed on the vehicles. 27 Pa.C.S. § 6204(c).

Section 6203(c) of Act 90 provides as follows:

Relationship to other laws. Notwithstanding anything to the contrary in this chapter, the Solid Waste Management Act or the Municipal Waste Planning, Recycling and Waste Reduction Act, no county and no municipality may implement a municipal waste or residual waste transportation authorization or licensing program after the effective date of this chapter.
2002, June 29, P.L. 596, No. 90 § 2, effective in 60 days.

Lehigh County interprets Section 6203(c) to mean that counties are prohibited from "implementing" new licensing programs after August 29, 2002, the effective date of Act 90, but that existing programs are not preempted. The trial court accepted this reasoning and found that because Lehigh County implemented its licensing program in 1996, it was not preempted from continuing to do so by Act 90.

The word "implement" is not defined in Act 90. Statutory construction requires that we interpret words "according to their common and approved usage." 1 Pa.C.S. § 1903(a). "Implement," as defined by Webster's New World Dictionary 296 (1990), means "to carry into effect; accomplish." The trial court also noted the supplementary definitions in Webster's New Twentieth Century Dictionary 866 (1957) which include: "to fulfill or satisfy the conditions of; to accomplish," or "to fulfill or perform; to carry into effect or execution; as to implement a bargain or contract."

We disagree with the trial court's conclusion that Act 90 only prohibits the implementation of new programs after August 29, 2002. Accepting the common usage definition of "implement" to mean "fulfill or accomplish or perform," Section 6203(c) would read that "no county may fulfill or accomplish or perform a waste reduction licensing program after the effective date of this chapter."

Statutory construction requires that we presume the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S. § 1922(1). To read Section 6203(c) as suggested by Lehigh County would create an

absurdity because it would permit **both** a county with a pre-existing licensing program as well as the Department to each collect a licensing fee for the same act.

In this vein, under both Section 6204 of Act 90 and the Lehigh County licensing scheme, transporters must fill out a form establishing proof of vehicle inspection and proof of insurance. As such, they are required to provide identical information to both Lehigh County and the Department. Moreover, transporters are then required to pay to both Lehigh County and the Department a separate fee in order to receive two separate licenses to transport waste. Because we do not believe that a double licensing scheme was the outcome intended by the legislature when it drafted Act 90, we conclude that the trial court erred in holding otherwise.

Accordingly, the order of the trial court granting the motion for summary judgment of the County of Lehigh is reversed. Further, the trial court's order denying the motion for summary judgment of Appellants is also reversed and this matter is hereby remanded to the trial court with the direction that it enter summary judgment in favor of Appellants.

### *ORDER*

AND NOW, this 14th day of December, 2005, this Court hereby orders that:

1. To the extent the order of the Court of Common Pleas of Lehigh County (trial court) granted the motion for summary judgment of the County of Lehigh, it is reversed.

2. To the extent the order of the trial court denied the motion of summary judgment of IESI Bethlehem Landfill Corporation, Chirin Brothers, Inc., Chirin Hauling, Inc., Grand Central Sanitary Landfill, Inc., Pine Grove Landfill, Inc., Waste Management Disposal Services of Pennsylvania, Inc., Waste Management of Pennsylvania, Inc., Pennsylvania Waste Industries Association, Berger Sanitation, Inc., Royer Sanitation, Len Symons & Sons Sanitation and Pennsylvania Independent Waste Haulers Association (Appellants), it is reversed.

3. This matter is remanded to the trial court with the direction that summary judgment be entered on behalf of Appellants.

Jurisdiction relinquished.