## City of Reading v. Iezzi

C.P. of Berks County, No. 10-24010.

*Jason J. Leininger,* for plaintiff
*John A. Fielding, III,* for defendant

SPRECHER, *J.,* February 6, 2013—Defendant appeals this court's decision and verdict that entered judgment in favor of plaintiff and against defendant in the amount of $1,878.34 for recycling fees and trash fees due plaintiff for defendant's property following a bench trial.

## FACTS

On December 21, 2010, plaintiff, the City of Reading, filed a tax claim of $1,878.34 against defendant, Mark A. Iezzi, for recycling and trash fees for the years 1999 through 2008. Defendant was the property owner of the subject property.

On July 11, 2011, defendant filed an affidavit of defense. This affidavit stated, inter alia, that he had utilized a private hauler to pick up trash from 1999 to 2005. In March 2007, defendant formed his own roll-off service and received approval from the Pennsylvania Department of Environmental Protection to collect and provide his own trash hauling service. He thereafter informed plaintiff's Solid Waste Coordinator that he would no longer require plaintiff's services since participation at that time was voluntary. Defendant claimed therefore that he owed no fees.

On June 21, 2011, plaintiff filed a writ of scire facias against defendant's property. Subsequently the case was listed for trial, and this court held a bench trial. The following are the pertinent facts produced at the trial.

In response to proof provided by defendant that he had utilized a private trash hauler for the property, plaintiff

agreed to remove all charges from defendant's account relating to delinquent trash fees, including those for interest and attorney fees. Plaintiff sought to collect solely the delinquent recycling fees owed on the property. Per the plaintiff's ordinance, recycling fees are mandatory. Plaintiff sought $1,405.17 in total fees.

Defendant's defense to these fees is that he does not owe them because he is a self-employed hauler and removes his own recycling. This court denied defendant's defense and entered judgment in favor of plaintiff and against defendant. Defendant filed the instant appeal.

## ISSUES

Defendant raises the following issue in his concise statement of errors complained of on appeal:

1.   This court committed an error of law in determining that plaintiff was permitted to assess a recycling fee against homeowners or private solid waste haulers under the Solid Waste Management Act and the Municipal Waste Planning, Recycling, and Waste Reduction Act, 35 P.S. §§6018.101 through 6018.1003 (SWMA) when SWMA has preempted the field of waste regulation and management and provides for no such fee.

## DISCUSSION

This court first submits that defendant did not preserve any issues because he failed to file any post trial motions. No issues were preserved for appeal, where litigant failed to file post trial motion from adverse judgment in standard bench trial. *Siegfried v. Borough of Wilson*, 695 A.2d 892 (Pa. Cmwlth. 1997). Therefore, defendant's appeal should

be dismissed.

Assuming arguendo, that defendant has preserved the issue of plaintiff's right to assess a recycling fee for an appeal, this court further submits that defendant's complaint is without merit. Defendant relies on the case of *Pennsylvania Independent Waste Haulers Association v. County of Northumberland*, 885 A.2d 1106 (2005) for his position that SWMA has preempted the field of waste management and regulation and does7 not provide for such a fee by a municipality. This case held that the Municipal Waste Planning, Recycling, and Waste Reduction Act preempted municipal authorities from imposing their own administrative fees on waste haulers to help fund their recycling programs because the Act provided a comprehensive recycling plan that the legislature did not intend to be supplemented by municipal bodies. This Act therefore prevents plaintiff from imposing a fee on waste haulers. Defendant, however, is also the property owner; plaintiff is authorized to establish, impose, and collect reasonable fees and charges for the collection, removal and disposal of ashes, garbage, solid waste, other refuse materials, and recyclable materials upon private property; residents are required to pay the charges even if they do not generate any waste. *Township of West Manchester v. Mayo*, 746 A.2d 666 (Pa. Cmnwith. 2000).

For these reasons, this court found that plaintiff could collect a recycling fee from defendant and entered the aforesaid verdict. This court did not have the benefit of a transcript when it rendered the decision; thus, it entered judgment for the original claim amount instead of the reduced amount. Defendant did not file any post trial motions to allow this court to correct the amount

of the verdict, so he has waived any complaint as to the amount.

In accordance with the foregoing opinion, this court submits that its verdict should be affirmed and the appeal denied.